IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELA NAILS, | ) Civil No.: 3:15-cv-1035-JE |
| Plaintiff, | ) FINDINGS AND<br>) RECOMMENDATION AND ORDER |
| v. | ) |
| COMMISSION ON JUDICIAL FITNESS<br>and DISABILITY, | ) |
| Defendant. | ) |

Angela Nails
15406 Bellaire Ave.
Apt. M
Grandview, MO 64030

　　　Plaintiff *Pro Se*

JELDERKS, Magistrate Judge:

　　　Plaintiff Angela Nails brings this action against the Commission on Judicial Fitness and Disability. Plaintiff has applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

　　　Plaintiff's application to proceed *in forma pauperis* is granted and her motion for appointment of counsel is denied. For the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process, for lack of subject matter jurisdiction and on the basis

FINDINGS AND RECOMMENDATION AND ORDER – 1

that it fails to state a claim upon which relief can be granted.  See FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

### Background

This Complaint is one of five that Plaintiff filed on the same day in this Court.  Although mostly indecipherable, Plaintiff's action appears to be based on her allegations that Defendant either denied or failed to respond to complaints she lodged against the state court or a state court judge in Washington County, Oregon. She seeks $75,000 in damages.

### Discussion

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).  In addition, under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction...." However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.  The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

Furthermore, Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." See also Augustine v. United States, 704 F.2d 1074, 1077 (9th

Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. <u>See, e.g.</u>, <u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974). Jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331,1332.

As an initial matter, for basis of jurisdiction, Plaintiff has checked the box on page 2 of the Complaint form indicating federal question jurisdiction. While Plaintiff may have grounds for asserting federal question jurisdiction, those grounds are not articulated in Plaintiff's Complaint. Furthermore, although it appears the parties are citizens of different states, Plaintiff seeks exactly $75,000 in damages. Thus the amount in controversy fails to meet the jurisdictional threshold. <u>See</u> 28 U.S.C.§ 1332 (amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs). As a result, this court lacks subject matter jurisdiction in this case.

Furthermore, the Eleventh Amendment generally bars actions brought in federal court against a state or its agencies and departments for all types of relief, absent a state's unequivocal consent. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1983), <u>superseded by statute on other grounds</u>, 28 U.S.C. § 1367. The Court takes judicial notice of the fact that Oregon's Commission on Judicial Fitness and Disability is a division of the Oregon Judicial Department charged with reviewing complaints about Oregon state judges and investigating conduct alleged to violate the state's Code of Judicial Conduct or the State Constitution. As an arm of the state, the Commission is entitled to Eleventh Amendment immunity. In the absence of the State's waiver of its sovereign immunity, Plaintiff's claims against the Commission necessarily fail.

Plaintiff's action should be dismissed and, because it is apparent that the deficiencies of the Complaint cannot be cured by amendment, the dismissal should be with prejudice. Furthermore, there is no constitutional right to counsel in a civil case, <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1), and under the circumstances in this case, appointment of counsel would be futile in any event. Plaintiff's motion for appointment of pro bono counsel is, therefore, denied.

## Conclusion

For the reasons set out above, Plaintiff's application to proceed *in forma pauperis* [#1] is GRANTED, and her motion for pro bono counsel [#6] is DENIED. This action should be DISMISSED without service of process for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. A judgment should be entered dismissing this action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 4, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of August, 2015.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION AND ORDER – 4